IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| LUIS CRUZ GUEVARA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-2615 (AJT-WBP) |
| ROBERT GUADIAN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Petitioner Luis Cruz Guevara's Petition for Writ of Habeas Corpus, [Doc. No. 1] (the "Petition"), filed on August 15, 2026.

Petitioner is citizen of El Salvador, who entered the United States without inspection in or around 2008. *Id.* ¶ 36. Since his entry, Petitioner graduated high school in Virginia and completed one semester of college. *Id.* ¶ 37. Petitioner has been employed as a landscaper for over four years. *Id.* ¶ 39. On or about August 8, 2026, ICE officers arrested Petitioner and transported him to the Farmville Detention Center, where he remains detained without any opportunity to post bond. *Id.* ¶¶ 40–41.

On August 17, 2026, in response to a Court order, Respondents submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford*, No. 1:25-CV-01565-AJTWBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or the other opinions of this Court cited therein. [Doc. No. 4]. In light of the foregoing, the Court determines, as it did in *Hernandez*, that Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and as a matter of constitutional due process, Petitioner is entitled to a bond

hearing before an Immigration Judge. Accordingly, the Petition is **GRANTED** and it is hereby

**ORDERED** that Petitioner be immediately released from custody with all his personal property, pending his bond hearing before an immigration judge; and it is further

**ORDERED** that Petitioner live at a fixed address and file that address to the Court under seal within twenty-four (24) hours of the issuance of this Order[1]; and it is further

**ORDERED** that should Respondents seek to re-detain Petitioner in the future, they must first provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) with at least seven days' notice of its date, time, and location; and it is further

**ORDERED** that Respondents are ENJOINED from denying Petitioner's release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), or from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that, if Petitioner is released on bond, Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or is detained pursuant to a valid, final order of removal.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

/s/
Anthony J. Trenga
United States District Judge

August 17, 2026
Alexandria, Virginia

[1] For purposes of Petitioner's Notice of Fixed Address only, Petitioner should file that notice under seal without filing any of the accompanying materials otherwise required by Local Civil Rule 5.